1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                                    * * *

6   WEBSTER FINANCIAL CORPORATION,          Case No. 2:18-cv-02223-MMD-GWF
    *et al.*,
7                                                          ORDER
                              Plaintiffs,
8          v.

9   WEBSTER CAPITAL FINANCE INC., *et al.*,

10                            Defendants.

11

12         Plaintiffs in this trademark infringement case allege that Defendants are fraudsters

13   who trick consumers into sending them money by impersonating Plaintiffs. (ECF No. 1.)

14   Before the Court is Plaintiffs' motion for default judgment and permanent injunction.[1] (ECF

15   No. 15.) The Court finds that default judgment is proper. Plaintiffs have satisfied the

16   procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk

17   of Court properly entered a default against Defendants pursuant to Fed. R. Civ. P. 55(a)

18   because Defendants have failed to appear after having been properly served. (ECF No.

19   14.) Plaintiffs have also satisfied the factors for obtaining default judgment articulated in

20   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

21         However, the Court will not grant Plaintiffs the relief requested in paragraphs 10,

22   11, and 12 of their proposed order and injunction (ECF No. 15-1 at 5) and will order

23   Plaintiffs to submit a revised proposed order that omits those paragraphs. The Court

24   declines to issue an order directing third parties not subject to the injunction Plaintiffs seek

25   in this case, such as social media companies and VOIP service providers, to take any

26   action. *See* Fed. R. Civ. P. 65(d)(2); s*ee also, e.g.*, *Regal Knitwear Co. v. N.L.R.B.*, 324

27
            [1]The Court directed Plaintiffs to submit a supplemental brief providing justification
28   and legal authority for certain relief they were seeking in the proposed order they submitted
     with their motion for default judgment. (ECF Nos. 16, 17.) Plaintiffs provided such a brief.
     (ECF No. 18.) The Court reviewed it.

U.S. 9, 14 (1945) (stating the principle that injunctions only bind the "parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control."). Here, the Court does not have the benefit of argument from any party except for Plaintiffs. Further, Plaintiffs have not proposed any procedural safeguards to protect the rights of third-party social media companies and other service providers in the event those third parties were to object to a request by Plaintiffs relying on a default judgment entered in this case. In addition, the relief Plaintiffs seek in paragraphs 10, 11, and 12 of their proposed order may be unnecessary because paragraph 9 already prohibits Defendants from using the phone numbers and email accounts—or creating the social media pages—that Plaintiffs are concerned about. Plaintiffs could present an order containing paragraph 9 to third party service providers and potentially still get the relief they seek, for example, the removal of a social media profile impersonating Plaintiffs. Thus, the relief Plaintiffs seek through paragraphs 10, 11, and 12 of their proposed order both represents an overreach on Plaintiffs' part and is potentially unnecessary. The Court will not sign an order that contains those paragraphs.

It is therefore ordered that Plaintiffs' motion for default judgment (ECF No. 15) is granted. Plaintiffs must file a revised proposed order omitting paragraphs 10, 11, and 12 from the proposed order filed as ECF No. 15-1 within 10 days.

DATED this 5th day of July 2019.

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE